IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUINTEN DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:16-CV-410-NJR-DGW ) |
| WARDEN KIMBERLY BUTLER, KENT BROOKMAN, MICHAEL KEYS, MICHAEL HOF, MAJOR ZIEGLER, B. WESTFALL, and T. RUBACH, | ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Quinten Davis filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 against various prison officials for violating his constitutional rights while he was an inmate of the Illinois Department of Corrections housed at Menard Correctional Center (Doc. 14). Davis brings one count against all Defendants: a claim that they violated his Fourteenth Amendment due process rights when he was improperly ticketed and disciplined for a fight that took place in 2015 (*Id.*; Doc. 15).

On February 23, 2018, Defendants Butler, Keys, Hof, Westfall, Ziegler, and Rubach filed a motion for summary judgment, arguing that Davis was afforded all due process required under the law, that even if there was a due process violation, there is no evidence Defendants were personally involved in the deprivation, and that qualified immunity applies (Doc. 51). After two extensions of time were granted, Davis filed a response to Defendants' motion on July 13, 2018 (Doc. 63). A month later, Defendant

Brookman filed a motion to join the other Defendants' motion for summary judgment, stating he inadvertently was not selected as a filer for Defendants' motion (Doc. 64).[1]

On August 23, 2018, Magistrate Judge Donald G. Wilkerson entered the Report and Recommendation currently before the Court, which recommends that summary judgment be denied as to Defendants Keys and Hof, but granted as to Defendants Butler, Ziegler, Westfall, and Rubach (Doc. 67). Magistrate Judge Wilkerson also recommends denying the motion for leave to join filed by Defendant Brookman, as it would be futile based on the conclusions of the Report and Recommendation (*Id.*).

Objections to the Report and Recommendation were due September 10, 2018. Because no party has filed an objection, the undersigned District Judge need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson*, 170 F.3d at 739. The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions. The undersigned accordingly **ADOPTS** the Report and Recommendation in its entirety (Doc. 67). The Motion for Summary Judgment filed by Defendants Butler, Keys, Hof, Westfall, Ziegler,

---

[1] While Brookman claims he inadvertently was not selected as an electronic filer, the Court notes that the opening paragraph of the motion itself does not list Brookman as a Defendant moving for summary judgment (*see* Doc. 51).

and Rubach (Doc. 51) is **GRANTED in part and DENIED in part**. Summary judgment is granted in favor of Defendants Butler, Ziegler, Westfall, and Rubach and against Plaintiff Quinten Davis. The Motion for Leave to Join filed by Defendant Brookman (Doc. 64) is **DENIED**.

This case shall now proceed to trial on Count 1 against Defendants Brookman, Keys, and Hof. Magistrate Judge Wilkerson is **DIRECTED** to recruit counsel to represent Davis at trial and to work with counsel and the parties to select dates for the final pretrial conference and jury trial.

**IT IS SO ORDERED.**

DATED:   September 19, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**